UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY BOLLEA,

    Plaintiff,

vs.                                     Civil No. 8:10 cv 1161 33 tgw

POST FOODS, LLC; and

JOHN DOE, 1 THROUGH X,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Terry Bollea, by and through his undersigned attorneys, sues Defendant Post Foods, LLC and John Doe, 1 Through X, and alleges:

### NATURE OF THE ACTION

1. This is an action for unauthorized commercial misappropriation of the right of publicity of Terry Bollea, famously known throughout the world as Hulk Hogan, and for false endorsement by the cereal giant Post Foods, LLC and its advertising agents through television commercials promoting Cocoa Pebbles brand cereal with an animated wrestling character bearing the name and likeness of Plaintiff. This action is brought pursuant to Florida Statute § 540.08 and common law invasion of privacy and the federal unfair competition provisions of the Lanham Act under 15 U.S.C. § 1125(a) for false endorsement.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Terry Bollea is a natural person over the age of eighteen years who resides in the Middle District of Florida.

3. Plaintiff Terry Bollea is professional wrestler, actor and celebrity better known professionally throughout the world as Hulk Hogan.

4. Defendant Post Foods LLC is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business in Parsippany, New Jersey.

5. Defendant Post Foods is one of the world's largest cereal companies.

6. Defendants John Doe, 1 through X, are one or more individuals, corporations or other business entities who exist but whose exact identity has not yet been discovered.

7. Defendants John Doe, 1 through X, engaged in the preparation, publication and telecasting of the television commercials at issue with and on behalf of Post Foods, LLC.

8. This action is brought and subject matter jurisdiction lies with this Court pursuant to 28 U.S.C. §§ 1331, 1332 and 1338. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 because Count II of this Complaint arise under the laws of the United States. This Court has supplemental jurisdiction of the remaining count pursuant to 28 U.S.C. § 1367(a). Further, there is complete diversity of citizenship as Defendant is a Delaware corporation with its principal place of business in New Jersey, and Plaintiff resides in Florida.

9. Venue in the Middle District of Florida is proper under 28 U.S.C. § 1391(a)(1) in that Defendant Post Foods "resides" within this judicial district as that term is defined in 28 U.S.C. §§ 1391(b) and 1391(c) for the reasons set forth in paragraph 10 below.

10. Both jurisdiction and venue in the Middle District of Florida are established by virtue of Florida's long-arm statute, F.S. 48.193, under each of several provisions thereof:

  a) the causes of action stated herein arise from Defendant committing a tortious act within Florida as set forth in F.S. 48.193(1)(b); and

  b) the causes of action stated herein arise from Defendant causing injury to persons or property within Florida where, at or about the time of the injury, Defendant was engaged in solicitation or service activities in Florida and/or products, materials or things processed, serviced, or manufactured by Defendants anywhere were used or consumed within Florida in the ordinary course of commerce, trade or use, all as set forth in F.S. 49.193 (1)(f) 1 and 2.

## FACTS COMMON AND APPLICABLE TO ALL COUNTS

*A.   Plaintiff's Career and Celebrity*

11. Plaintiff Terry Bollea, better known as Hulk Hogan, is a professional wrestler currently signed to Total Nonstop Action Wrestling.

12. Plaintiff Terry Bollea had mainstream popularity in the 1980s through the early-1990s as the all-American, working-class hero character Hulk Hogan in the World Wrestling Federation (WWF—now World Wrestling Entertainment), and was notable in the mid-to-late 1990s as "Hollywood" Hogan, the villainous nWo leader, in World Championship Wrestling (WCW). Following the end of WCW, Plaintiff Terry Bollea made a return to World Wrestling Entertainment in the early 2000s, revising his heroic character by combining elements of his two most famous personas.

13. Plaintiff Terry Bollea made his professional wrestling debut in Fort Myers, Florida on August 10, 1977.

14. Shortly after his debut, he tag teamed with Ed Leslie (later known as Brutus Beefcake) as Terry and Ed Boulder. These early matches as a tag team with the shared surname Boulder prompted a rumor among wrestling fans that Hogan and Beefcake were brothers, as few people actually knew their real names outside of immediate friends, family, and the various promoters.

15. After a comparison by a talk show host to Lou Ferrigno, star of the late 1970's television series The Incredible Hulk, Plaintiff Terry Bollea began performing as Terry "The Hulk" Boulder.

16. After joining the World Wrestling Federation (WWF) in 1979, Plaintiff Terry Bollea became known professionally as Hulk Hogan, when the WWF chief Vincent J. McMahon, who wanted to use an Irish name, gave Bollea the last name Hogan.

17. At this time, Hulk Hogan started his first big feud with the wrestling legend André the Giant, which culminated in a match with André at Shea Stadium in August 1980.

18. Hulk Hogan also achieved early success in New Japan Pro Wrestling. Japanese wrestling fans nicknamed him "Ichiban" (which translates to "Number One"). Hulk Hogan first appeared in Japan on May 13, 1980, while he was still with the WWF.

19. In the 1980's, Hulk Hogan became the face of pro wrestling as McMahon pushed the WWF into a pop culture enterprise with The Rock 'n' Wrestling Connection on MTV, drawing record houses, pay-per-view buy rates, and television ratings in the process.

20. Hulk Hogan was named the most requested celebrity of the 1980s for the Make-a-Wish Foundation children's charity.

21. He was featured on the covers of Sports Illustrated, TV Guide, and People magazines, while also appearing on The Tonight Show and having his own CBS Saturday morning cartoon titled Hulk Hogan's Rock 'n' Wrestling.

22. Hulk Hogan went on to headline eight of the first nine WrestleMania events, and he also co-hosted Saturday Night Live on March 30, 1985.

23. AT&T reported that his 900 number information line was the single biggest 900 number from 1991 to 1993.

24. Plaintiff Terry Bollea was inducted into the World Wrestling Entertainment Hall of Fame in 2005. He is a twelve-time world heavyweight champion: a six-time WWF/E Champion and a six-time WCW World Heavyweight Champion, as well as a former World Tag Team Champion with Edge. He was the first wrestler to win the WWE Championship three times. He was also the winner of the Royal Rumble in 1990 and 1991 and the first to win two Royal Rumbles in a row.

25. In October, 2009, it was announced on TNAwrestling.com that Hulk Hogan had signed a contract to join Total Nonstop Action Wrestling (TNA) on a full time basis.

26. In November 2009, Hulk Hogan performed with a group of wrestlers across Australia in a tour titled Hulkamania: Let the Battle Begin.

27. On the January 4, 2010 Impact!, Hulk Hogan debuted with TNA.

28. Plaintiff Terry Bollea is also a professional actor of good repute and standing in the Screen Actors Guild.

29. Hulk Hogan's crossover popularity led to several television and movie roles.

30. Early in his career, Plaintiff Terry Bollea played the part of Thunderlips in Rocky III (1982).

31. Plaintiff Terry Bollea also appeared in No Holds Barred (1989), before starring in the family films Suburban Commando (1991), Mr. Nanny (1993), Santa with Muscles (1996), and 3 Ninjas: High Noon at Mega Mountain (1998).

32. Plaintiff Terry Bollea starred in his own television series, Thunder in Paradise, in 1994.

33. Plaintiff Terry Bollea is the star of The Ultimate Weapon (1997).

34. Plaintiff Terry Bollea also starred in a pair of television movies, originally intended as a pilot for an ongoing series for TNT, produced by Eric Bischoff. The movies, Shadow Warriors: Assault on Devil's Island and Shadow Warriors: Hunt for The Death Merchant, starred Hulk Hogan alongside Carl Weathers and Shannon Tweed as a freelance mercenary team.

35. In 1995, he appeared on TBN's Kids Against Crime.

36. Plaintiff Terry Bollea made cameo appearances in Muppets from Space, Gremlins 2: The New Batch (the theatrical cut) and Spy Hard, as himself.

37. Hulk Hogan also made two appearances on The A-Team (in 1985 and 1986), and along with Roddy Piper, Hulk Hogan lent his voice for a few episodes of the stop-motion animation skit show, Robot Chicken.

38. He guest-starred in a two-part episode of Suddenly Susan in 1999.

39. In 2001, Hulk Hogan guest-starred on an episode of Walker, Texas Ranger, playing a reformed criminal now operating a Christian Community Center and helping Walker steer teenagers away from gangs.

40. Plaintiff Terry Bollea hosted the comeback series of American Gladiators on NBC in 2008. He also hosted and judged the short-lived reality show, Hulk Hogan's Celebrity Championship Wrestling.

41. From 2005 to 2008, Plaintiff Terry Bollea starred with his family in a VH1 reality show titled Hogan Knows Best. Set in their home in Clearwater, Florida, the show follows the family in their efforts to fulfill the dreams of their children while still maintaining their sense of closeness.

42. In July 2008, Hogan Knows Best transferred its focus into a new show called Brooke Knows Best which focuses on his daughter's move into a new apartment to continue her pursuit of a music career. Plaintiff Terry Bollea continues to make guest appearances on his daughter's television show.

43. Plaintiff Terry Bollea released a music CD, Hulk Rules, as Hulk Hogan and The Wrestling Boot Band.

44. Also, Green Jellÿ released a single, a duet with Hulk Hogan, performing Gary Glitter's classic song "I'm the Leader of the Gang (I Am)".

45. Plaintiff Terry Bollea has also made cameos in several music videos.

46. Plaintiff Terry Bollea is a regular guest on the Bubba the Love Sponge's radio show based in Tampa, Florida and syndicated for air play in several major markets throughout the Southeast.

47. Beginning on March 12, 2010, Plaintiff Terry Bollea hosted his own radio show, titled Hogan Uncensored, on Sirius Satellite Radio's Howard 101.

48. In 2006, Plaintiff Terry Bollea unveiled his own energy drink, Hogan Energy, distributed by Socko Energy. It was featured in an episode of Hogan Knows Best.

49. His name and likeness are also applied to a line of microwavable hamburgers, cheeseburgers, and chicken sandwiches sold at Wal-Mart called "Hulkster Burgers".

50. Throughout his wrestling, acting and product promoter career, Plaintiff Terry Bollea has been widely recognized and well known by his signature long blond hair and blond Fu Manchu mustache. Exhibit A includes true and correct of images of Hulk Hogan from 1982 and recently in 2010.

B. *Defendants and Their Tortious Acts*

51. Post Foods LLC is one of the world's largest cereal companies and places in the top 3 for market share in the cereal industry.

52. Post Foods LLC traces its history back to the 1890's when C.W. Post produced his first cereal in Battle Creek Michigan.

53. After being purchased from Kraft Foods in 2009, Post Foods LLC is now a subsidiary of Ralcorp, Inc.

54. Post Foods LLC's cereals, recognized by nearly every household in America, include Honey Bunches of Oats, Honey Comb, Fruity/Cocoa Pebbles, Golden Crisp, Grape Nuts, Shredded Wheat, and Waffle Crisp.

55. Since at least August 2009, if not earlier, Defendant Post Foods itself, and through its agents and others, has knowingly caused the preparation, publication and wide-spread

telecasting throughout the United States, including in the Middle District of Florida, of advertisements entitled "COCOA SMASHDOWN" at least through the cable television channel Cartoon Network.

56. Defendant John Doe, 1 through X, have engaged in the preparation, publication and wide-spread telecasting throughout the United States, including in the Middle District of Florida, of advertisements entitled "COCOA SMASHDOWN" at least through the cable television channel Cartoon Network, on behalf of and at the instructions of Post Foods, LLC.

57. In each COCOA SMASHDOWN advertisement, Cocoa Pebbles-brand cereal is promoted by portraying a brief animated story of a wrestling battle between a wrestler named Hulk Boulder and the Flintstones characters: Fred Flintstone; Barney Rubble; Pebbles and Bam-Bam.

58. In each COCOA SMASHDOWN advertisement, the promotional portrayal begins with an announcement of the COCOA SMASHDOWN wrestling event pitting wrestler Hulk Boulder against Fred and Barney in a ring surrounded by a cheering crowd.

59. As each COCOA SMASHDOWN advertisement continues, Hulk Boulder defeats Fred and Barney and begins to reward himself with a bowl of cereal pulled from his championship belt while holding a box of Cocoa Pebbles brand cereal and licking his chops.

60. Continuing, each COCOA SMASHDOWN advertisement portrays the Bam-Bam character attacking and beating up the Hulk Boulder character. Bam-Bam, Pebbles, Fred and Barney celebrate with the Cocoa Pebbles brand cereal, as Hulk Boulder is shown humiliated and cracked into pieces with broken teeth, with the closing banner "Little Pieces... BIG TASTE!"

61. Each COCOA SMASHDOWN advertisement publishes, displays and otherwise publicly uses the name, portrait, photograph or other likeness of Plaintiff Terry Bollea without his consent.

62. Exhibit B includes true and correct copies of screen shots from a COCOA SMASHDOWN advertisement, showing the opening title frame; Hulk Boulder promoting Cocoa Pebbles brand cereal, and the Flintstones characters promoting Cocoa Pebbles brand cereal surrounding a defeated and shattered Hulk Boulder.

63. Each COCOA SMASHDOWN advertisement uses Hulk Boulder as the name of a wrestling character signified with long blond hair and a blond Fu Manchu mustache.

64. As alleged above, Plaintiff Terry Bollea has been widely known throughout his 30+ year career, initially as Terry "The Hulk" Boulder and later as Hulk Hogan, and has presented himself to the public with long blond hair, and a blond Fu Manchu mustache.

65. Each COCOA SMASHDOWN advertisement publishes, displays and otherwise publicly uses the name portrait, photograph or other likeness of Plaintiff Terry Bollea for the commercial and advertising purpose of promoting the sale of its Cocoa Pebbles-brand cereal.

66. At no time did Defendant Post Foods seek, request or obtain authorization or consent from Plaintiff Terry Bollea with regard to the use of Plaintiff's name, portrait, photographs or other likenesses in connection with the commercial purposes of the COCOA SMASHDOWN advertisements.

67. At no time did Plaintiff Terry Bollea consent to the use of his name, portrait, photograph or likeness in connection with any sale or distribution of Cocoa Pebbles-brand cereal or any other products of Defendant Post Foods.

68. The COCOA SMASHDOWN advertisements are not part of a bona fide news report or presentation in which Plaintiff's name and likeness are not used for advertising purposes.

69. After Plaintiff discovered the COCOA SMASHDOWN advertisements, Plaintiff advised Defendant Post Foods that Plaintiff objected to the use of the Hulk Boulder character in August 2009.

70. Despite this objection, Defendant has continued to publicly use the COCOA SMASHDOWN advertisements, as recently as April 24, 2010.

## COUNT I

### COMMERCIAL MISAPPROPRIATION UNDER F.S. 540.08

71. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 70 of this Complaint as if fully set forth herein.

72. Defendants Post Foods and John Doe, 1 through X, published, displayed, or otherwise publicly used for commercial and advertising purposes the name, portrait, photograph or other likeness of Plaintiff without written or oral consent to such use, all in violation of F.S. 540.08.

73. Plaintiff Terry Bollea is well known as a wrestler, actor and product promoter and his identity and celebrity as a well recognized, wrestling champion with long blond hair and a blond Fu Manchu mustache make his endorsement of a product highly valued.

74. Accordingly, Defendants Post Foods and John Doe, 1 through X, commercially misappropriated Plaintiff Terry Bollea's right of publicity as set forth in F.S. 540.08 and caused Plaintiff damages and injuries including denial of reasonable royalties and other compensation.

## COUNT II

## COMMON LAW MISAPPROPRIATION OF NAME AND LIKENESS

75. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 70 of this Complaint as if fully set forth herein.

76. Defendants Post Foods and John Doe, 1 through X, published, displayed, or otherwise publicly used for commercial and advertising purposes the name, likeness and identity of Plaintiff without written or oral consent to such use.

77. Plaintiff Terry Bollea is well known as a wrestler, actor and product promoter and his identity and celebrity as a well recognized, wrestling champion with long blond hair and a blond Fu Manchu mustache make his endorsement of a product highly valued.

78. Accordingly, Defendants Post Foods and John Doe, 1 through X, commercially misappropriated Plaintiff Terry Bollea's name, likeness and identity for Defendants' benefit, constituting a common law invasion of privacy and causing Plaintiff damages and injuries including denial of reasonable royalties and other compensation.

## COUNT III

## FALSE ENDORSEMENT – LANHAM ACT VIOLATION

79. Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 70 of this Complaint as if fully set forth herein.

80. Defendants Post Foods, LLC and John Doe, 1 through X, have and are using the Hulk Boulder character in commerce to promote and advertise the sale of its Cocoa Pebbles-brand cereal.

81. The commercial use of the Hulk Boulder character, particularly as a larger, muscular wrestler with long blond hair and blond Fu Manchu mustache named Hulk Boulder, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association with Plaintiff Terry Bollea, or as to the origin, sponsorship, or approval of Defendant Post Foods' goods, services, or commercial activities by Plaintiff Terry Bollea.

82. Accordingly, Defendants Post Foods, LLC and John Doe, 1 through X's commercial use of the Hulk Boulder character constitutes a false endorsement in violation of 15 U.S.C. § 1125(a).

83. Plaintiff Terry Bollea has been harmed by the false endorsement, including the failure to be compensated for the false endorsement and diminishment of his endorsement value by the unauthorized and degrading depiction in the COCOA SMASHDOWN advertisements.

84. Plaintiff objected to the use of the Hulk Boulder character in August 2009, and yet Defendant Post Foods LLC persisted in the continued commercial use of the Hulk Boulder character in the COCOA SMASHDOWN advertisements, and thus, its violation of 15 U.S.C. § 1125(a) is willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands entry of judgment and relief in his favor and against Defendants on all counts and for such particular relief as follows:

A. For all counts, an award of all compensatory damages, including but not limited to reasonable royalties to which Plaintiff is entitled against all Defendants jointly and severally;

B. For false endorsement under 15 U.S.C. § 1125(a), an accounting and award of Defendant Post Foods' profits, attributable to the COCOA SMASHDOWN advertisements, on

the sale of Cocoa Pebbles-brand cereal and other products and services shown to be promoted by the COCOA SMASHDOWN advertisements, a finding of willful violation of Plaintiff's rights, and trebling the award of profits and damages;

C. Under all counts, an award of all costs and expenses incurred in connection with the prosecution of this action;

D. Under the count for commercial misappropriation of Plaintiff's right of publicity, an order permanently enjoining all further unauthorized publication, printing, display or other public use of the names, portraits, photographs, or other likenesses of Plaintiff;

E. For false endorsement under 15 U.S.C. § 1125(a), an order permanently enjoining Defendants, and all of Defendants' principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors and assignees and all others acting in privity, concert or participation with Defendant, from using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any products or services advertised, promoted, offered or sold by Defendant is sponsored, endorsed, connection with, approved by, or authorized by Plaintiff;

F. Award Plaintiff prejudgment interest;

G. Award Plaintiff its reasonable attorney fees and costs of suit incurred herein; and

H. Award such other and further relief as is just and proper.

## PUNITIVE DAMAGES

With regard to all Counts, Plaintiff reserves the right, upon appropriate amendment of this Complaint as may be required by Florida procedural law, to seek an award of punitive or

exemplary damages, taking into account the egregiousness of the wrong, the profitability of the advertisement and the net worth of the Defendant.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

**NOVAK DRUCE + QUIGG, LLP**

Dated: May 19, 2010

Joseph W. Bain (Florida Bar No.: 860360)
Email: joseph.bain@novakdruce.com
525 Okeechobee Blvd, 15th Floor
West Palm Beach, FL 33401
Telephone: (561) 847-7800
Facsimile: (561) 847-7801

Attorneys for Plaintiff Terry Bollea